THE EAST TENNESSEE, VIRGINIA & GEORGIA RAILROAD COMPANY v. R. C. WHITE.

IGNORANCE OF LAW. *Postal regulations.* As to postmasters and agents of the Post-office Department, the general postal regulations are not facts but law, and agents and employes of said department will not be allowed to predicate actions upon ignorance of same.

FROM JEFFERSON.

Appeal in error from the Circuit Court of Jefferson county.    J. G. ROSE, J.

W. M. BAXTER and HENDERSON & JOUROLMON for Railroad Company.

INGERSOLL & PARK and PICKLE & TURNER for White.

WASHBURN, Sp. J., delivered the opinion of the court.

The defendant in error was a postmaster at White Pine, a station on the East Tennessee, Virginia & Georgia Railroad, the post-office being within eighty rods of the depot at that point.

From May 1, 1876, to May 16, 1879, at which

last date he ceased to be postmaster, the defendant in error received the mail at the train, and carried it to his office, a distance of from ten to twenty rods. This service was voluntary on his part, performed under no contract, and with no expectation of compensation therefor. During the time mentioned, plaintiff in error was a contractor with the government of the United States for carrying the mail on the various lines of its road, and as a part of its contract, "it was required to take the mails from and deliver them into the terminal post-offices, and to all intermediate post-offices located not over eighty rods from the line of road, and the distance from the terminal depots to the post-offices where railroad companies deliver the mails are paid for by the Department as part of the length of the route": U. S. Post. Reg., sec. 639.

This suit was brought before a magistrate by defendant in error, claiming compensation from plaintiff in error for the service so rendered. Judgment was rendered in his favor, and on appeal to the circuit court the jury rendered a verdict against plaintiff in error, from which it has appealed in error to this court. The Referees have recommended an affirmance of the judgment and the case is before us on exceptions to their report.

The jury have found the facts in favor of defendant in error, and the evidence was sufficient to warrant their finding. Many errors are assigned to the charge of the court, but in the view we take of the case, it is unnecessary to notice but one.

Railroad Company *v.* White.

The court charged the jury, among other things, that "the plaintiff could not rely upon ignorance of law affecting his duty, but only ignorance of fact, and in this connection the jury will consider the regulations of the Post-office Department read in evidence, as matters of fact."

It is insisted that this charge conforms to the rulings of this court, in cases holding that the maxim, "*Ignorantia legis meminem excusat*, applies only to public and general laws and not to *private* enactments: 1 Sneed, 698; 1 Head, 79. And undoubtedly such is the law. But without discussing the character of these postal regulations, or deciding whether they do or do not fall within the class of laws recognized as public and general, they are the official rules and charter prescribed for the guidance of all agents and employes of the Post-office Department, from the highest to the lowest, and such agents and employes are of necessity, charged with knowledge of these fundamental rules.

Among other regulations is section 639, Postal Laws, cited above. And section 3850, Revised Statutes, is as follows: "No postmaster, assistant postmaster or clerk, employed in any post-office, shall be a contractor or concerned in any contract for carrying the mail."

To allow contractors, postmasters and agents of the Post-office Department to escape responsibility by pleading ignorance of the rules prescribed for their guidance, would be to open wide the door to fraud and dishonesty. We hold, therefore, that in view of the relation sustained by the parties to this suit to the Post-office Department, the charge of the circuit judge

was erroneous, that as applicable to this case the postal regulations were not facts, but law, and that the judge should so have instructed the jury.

Reversed and remanded.